UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
┌─────────────────────────────────────┐
│ USDC SDNY                            │
│ DOCUMENT                             │
│ ELECTRONICALLY FILED                 │
│ DOC #:_____                │
│ DATE FILED:___4/23/2025___           │
└─────────────────────────────────────┘
```

TERRY BILSON,

                              Plaintiff,

            -against-

THE CITY OF NEW YORK; NEW YORK
CITY DEPARTMENT OF CORRECTION;
RIKER'S ISLAND; RIKER'S ISLAND
MEDICAL DEPARTMENT,

                              Defendants.

25-CV-2479 (MMG)

ORDER OF SERVICE

MARGARET M. GARNETT, United States District Judge:

Plaintiff, who currently is incarcerated at Mid-State Correctional Facility, brings this action, *pro se*, under 42 U.S.C. § 1983, alleging that Defendants violated his federal constitutional rights when he was detained on Rikers Island. Named as Defendants are the City of New York, the New York City Department of Correction ("DOC"), Rikers Island, and the Rikers Island Medical Department. The Court construes the complaint as asserting constitutional claims under Section 1983 that Defendants failed to protect Plaintiff against attack by another incarcerated individual, failed to provide him with adequate medical care, used excessive force against him, and deprived him of his property without due process, as well as claims under state law. By order dated April 15, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1]

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

**STANDARD OF REVIEW**

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).  The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3).  While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal references omitted).

**DISCUSSION**

**A.     Claims against New York City Department of Correction, Rikers Island, and Rikers Island Medical Department**

Plaintiff's claims against DOC must be dismissed because an agency of the City of New York is not an entity that can be sued.  N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency.").

The Court must also dismiss Plaintiff's claims against Rikers Island and Rikers Island Medical Department.  To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor."  *West v. Atkins*, 487

2

U.S. 42, 48-49 (1988).  Rikers Island – an island in the middle of the East River – and the departments located on that island, are not "persons" for the purpose of Section 1983.

The Court therefore dismisses Plaintiff's claims against DOC, Rikers Island, and Rikers Island Medical Department for failure to state a claim on which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.    Claims for failure to protect**

Plaintiff alleges that unspecified correction officers failed to protect him from being slashed by another incarcerated person.  Prison officials are required to take reasonable measures to guarantee the safety of prisoners, including protecting them from harm caused by other prisoners.  *See Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994); *Fischl v. Armitage*, 128 F.3d 50, 55 (2d Cir. 1997).  Because Plaintiff was detained on Rikers Island at the time of the events giving rise to his claims, the Court assumes for the purposes of this order that he was a pretrial detainee and that his claims are therefore analyzed under the Fourteenth Amendment rather than the Eighth Amendment.  *See Darnell v. Pineiro*, 849 F.3d 17, 29, 33 n.9 (2d Cir. 2017).  A pretrial detainee asserting a failure to protect claim under the Fourteenth Amendment's Due Process Clause must plead two elements: (1) an "objective" element, which requires a showing that the risk of harm is sufficiently serious, and (2) a "mental" element, which requires a showing that the officer knew or should have known of the risk of serious harm but acted with deliberate indifference to that risk.  *Darnell*, 849 F.3d at 29; *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013) ("Evidence that a risk was obvious or otherwise must have been known to a defendant may be sufficient for a fact finder to conclude that the defendant was actually aware of the risk." (quotation marks omitted)).  The mere negligence of a correctional official is not a basis for a claim of a federal constitutional violation under Section 1983.  *See Daniels v. Williams*, 474 U.S. 327, 335-36 (1986); *Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Morales v. New York State*

*Dep't of Corr.*, 842 F.2d 27, 28 (2d Cir. 1988) ("[A] prisoner cannot base a federal civil rights action brought under 42 U.S.C. § 1983 on claims of a negligent failure of state prison officials to protect him from injury at the hands of another inmate[.]").

Here, Plaintiff does not allege sufficient facts to state a failure-to-protect claim because he does not satisfy the second element. While Plaintiff alleges that unidentified correction officials were "negligent" and that "there was reasonable and probable cause that an event of personal injury was suspected to transpire" (ECF 1, at 4), Plaintiff alleges no facts suggesting that any correction official knew or should have known that he was at risk of attack by the other incarcerated individual. The Court therefore dismisses Plaintiff's claims under Section 1983 for failure to protect for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court grants Plaintiff leave to replead his failure-to-protect claims in an amended complaint that names as a defendant the individual correction officer or officers that failed to protect him and alleges sufficient facts to meet the standard discussed above.[2]

**C.    Claims for inadequate medical care**

Plaintiff alleges that the unspecified medical personnel provided him with inadequate medical care after the alleged assault. To state a claim under Section 1983 for constitutionally

---

[2] Plaintiff should be aware that the statute of limitations for Section 1983 claims in New York is three years. *See Holden v. Port Auth. of New York & New Jersey*, 521 F. Supp. 3d 415, 433-34 (S.D.N.Y. 2021). Moreover, the naming of John Doe defendants does not toll the three-year statute of limitations period governing this action, and Plaintiff will therefore be responsible for ascertaining the true identity of any "John Doe" defendants and amending his complaint to include the identity of any "John Doe" defendants before the statute of limitations period expires. *See Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013). Should Plaintiff seek to add a new claim or party, including a newly identified John Doe defendant, after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure. *See id.* at 517-19.

inadequate medical care under the Fourteenth Amendment's Due Process Clause, a plaintiff must satisfy two elements: (1) an "objective" element, establishing that the challenged conditions are sufficiently serious, and (2) a "mental" element, which requires a showing that the officer acted with at least deliberate indifference to the challenged conditions. *Bell v. Wolfish*, 441 U.S. 520, 536 n.16 (1979).

To satisfy the objective element, a plaintiff must allege "that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health" or safety, which "includes the risk of serious damage to 'physical and mental soundness.'" *Darnell*, 849 F.3d at 30 (citing *Walker*, 717 F.3d at 125, and quoting *LaReau v. MacDougall*, 473 F.2d 974, 978 (2d Cir. 1972)). To satisfy the mental element, a pretrial detainee must allege facts indicating "that the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Darnell*, 849 F.3d at 35.

Under this standard, a challenge based on the inadvertent or negligent failure to provide adequate care does not raise a constitutional claim under the Fourteenth Amendment. *See Daniels*, 474 U.S. at 335-36; *Davidson*, 474 U.S. at 348. Furthermore, a "mere disagreement over the proper treatment" does not give rise to the level of a constitutional claim for deliberate indifference. *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998) (holding that a "mere disagreement over the proper treatment" is not actionable under Section 1983).

Here, Plaintiff does not allege sufficient facts to state a claim for inadequate medical care. Even if the Court assumes that the risk to his health was objectively serious, he does not allege that any medical official knew of or should have known of the serious risk to his health and

disregarded that risk.  Plaintiff instead alleges that the medical staff used "butterfly strips" to treat his cuts, rather than the stitches Plaintiff would have preferred, and he does not allege any facts suggesting that the butterfly strips posed a serious risk to his health. (ECF 1, at 4.)  Such a "disagreement over the proper treatment" for Plaintiff's injuries is insufficient to state a constitutional claim for inadequate medical care.  *See Chance*, 143 F.3d at 703.  The Court therefore dismisses Plaintiff's Section 1983 claims for inadequate medical care for failure to state a claim on which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court grants Plaintiff leave to replead his claims for inadequate medical care in an amended complaint that names as a defendant an individual who was personally involved in violating his rights and alleges facts to cure the deficiencies identified above.[3]

### D.    Procedural due process claims

The Court construes Plaintiff's allegations that his property, including his wallet and clothing, were lost while he was in DOC custody as asserting a claim that he was deprived of his property in violation of the Fourteenth Amendment.  The Due Process Clause of the Fourteenth Amendment protects "against deprivations [of life, liberty, or property] without due process of law." *Rivera-Powell v. N.Y. City Bd. of Elections*, 470 F.3d 458, 464 (2d Cir. 2006) (internal quotation marks and citation omitted).  "The fundamental requisite of due process of law is the opportunity to be heard . . . at a meaningful time and in a meaningful manner." *Goldberg v. Kelly*, 397 U.S. 254, 267 (1970) (internal quotation marks and citations omitted).

A government official's random and unauthorized act does not violate a person's right to procedural due process if a meaningful post-deprivation remedy is available.  *See Hudson v.*

---

[3] Plaintiff is again cautioned that claims under Section 1983 have a three-year limitations period and that naming John or Jane Doe defendants does not toll the stature of limitations.

*Palmer*, 468 U.S. 517, 533 (1986); *Parratt v. Taylor*, 451 U.S. 527, 540-43 (1981), *overruled in part on other grounds by Daniels*, 474 U.S. 327; *Hellenic Am. Neighborhood Action Comm. v. City of New York*, 101 F.3d 877, 880 (2d Cir. 1996). Thus, a claim under Section 1983 asserting that a government official has deprived a person of a property interest is not cognizable in a federal district court if state law provides an adequate remedy for the deprivation of that interest. *See Zinermon v. Burch*, 494 U.S. 113, 127-39 (1990); *Hudson*, 468 U.S. at 533. Accordingly, when a plaintiff asserts such a claim, "the federal court's initial inquiry must be whether the state has provided adequate remedies to redress such unlawful acts." *Vialez v. N.Y.C. Hous. Auth.*, 783 F. Supp. 109, 114 (S.D.N.Y. 1991).

Because the government cannot predict precisely when a government official's random and unauthorized deprivation of a person's property interest will occur, it would be impossible to provide meaningful due process before the deprivation of the property interest. *See, e.g.*, *Hudson*, 468 U.S. at 532-33. Accordingly, New York State law provides post-deprivation remedies to cure such deprivations. *See Jenkins v. McMickens*, 618 F. Supp. 1472, 1474 (S.D.N.Y. 1985) (state tort action available to compensate detainee for alleged loss of property by city jail officials); *Cook v. City of New York*, 607 F. Supp. 702, 704 (S.D.N.Y. 1985) (detainee had meaningful post-deprivation remedy for loss of book through state action for negligence, replevin, or conversion); *Moreno v. New York*, 69 N.Y.2d 432 (1987) (alternative state remedies to recover seized property discussed); *Boyle v. Kelley*, 42 N.Y.2d 88, 90-91 (1977) (property wrongfully seized by officials during a search recoverable by a state replevin action or a state proceeding brought under Article 78 of the New York Civil Practice Law and Rules).

Here, Plaintiff alleges no facts showing that he has pursued any of these state remedies, nor any facts showing that these remedies are inadequate. Plaintiff therefore fails to state a claim

under Section 1983 that he was deprived of his property without due process, and the Court

dismisses those claims. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court grants Plaintiff leave to replead his procedural due process claims in an

amended complaint that names as a defendant in the individual correction officer or officer that

violated his rights and alleges facts curing the deficiencies identified above.

**E.    Waiver of service**

The Clerk of Court is directed to notify the New York City Department of Correction and

the New York City Law Department of this order.  The Court requests that the City of New York

waive service of summons.

**F.    *Valentin* order**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court

in identifying a defendant.  121 F.3d 72, 76 (2d Cir. 1997).  In the complaint, Plaintiff supplies

sufficient information to permit the City of New York to identify the John Doe correction officer

who allegedly sprayed Plaintiff with a chemical agent on July 4, 2022, at the 1 Upper North

dayroom at Robert N. Davoren Center on Rikers Island.  It is therefore ordered that the New

York City Law Department, which is the attorney for and agent of the City of New York, must

ascertain the identity and badge number of the John Doe officer who Plaintiff seeks to sue here

and the address where the defendant may be served.[4]  The Law Department must provide this

information to Plaintiff and the Court within 30 days of the date of this order.

---

[4] If the Doe defendant is a current or former DOC employee or official, the Law
Department should note in the response to this order that an electronic request for a waiver of
service can be made under the e-service agreement for cases involving DOC defendants, rather
than by personal service at a DOC facility.  If the Doe defendant is not a current or former DOC
employee or official, but otherwise works or worked at a DOC facility, the Law Department must
provide a residential address where the individual may be served.

Within 30 days of receiving this information, Plaintiff must file an amended complaint naming the newly identified defendants.  The amended complaint will replace, not supplement, the original complaint.  An amended complaint form that Plaintiff should complete is attached to this order.  Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order asking the newly identified defendant to waive service.

**G.    Local Civil Rule 33.2**

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action.  Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents."  Within 120 days of service of the complaint, Defendant City of New York must serve responses to these standard discovery requests.  In its responses, Defendant City of New York must quote each request verbatim.[5]

**CONCLUSION**

The Court dismisses Plaintiff's claims against the New York City Department of Correction, Rikers Island, and the Rikers Island Medical Department for failure to state a claim on which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court dismisses Plaintiff's claims under Section 1983 for failure to protect, providing inadequate medical care, and depriving him of property without due process for failure

---

[5] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Pro Se Intake Unit.

to state a claim on which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), with 30 days'
leave to replead.

The Clerk of Court is directed to notify the New York City Department of Correction and
the New York City Law Department of this order.  The Court requests that the City of New York
waive service of summons, and that the New York City Law Department respond as directed in
the *Valentin* order.  An amended complaint form is attached to this order.

Local Civil Rule 33.2 applies to this action.

The Clerk of Court is also directed to mail an information package to Plaintiff.

SO ORDERED.

Dated:    April 23, 2025
          New York, New York

                                        _____
                                        MARGARET M. GARNETT
                                        UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
_____
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

                     -against-

_____
_____
_____
_____
_____
_____
_____
_____
_____

*(In the space above enter the full name(s) of the defendant(s).  If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names.  The names listed in the above caption must be identical to those contained in Part I.  Addresses should not be included here.)*

____ Civ. _____ ( ____ )

**AMENDED
COMPLAINT**

Jury Trial:   ☐ Yes      ☐ No
                    (check one)

**I.      Parties in this complaint:**

A.      List your name, address and telephone number.  If you are presently in custody, include your identification number and the name and address of your current place of confinement.  Do the same for any additional plaintiffs named.  Attach additional sheets of paper as necessary.

Plaintiff        Name _____
                      Street Address _____
                      County, City _____
                      State & Zip Code _____
                      Telephone Number _____

B.      List all defendants.  You should state the full name of the defendant, even if that defendant is a government agency, an organization, a corporation, or an individual.  Include the address where each defendant may be served.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  Attach additional sheets of paper as necessary.

Defendant  No. 1       Name  _____

                       Street Address  _____

                       County, City  _____

                       State & Zip Code  _____

                       Telephone Number  _____


Defendant  No. 2       Name  _____

                       Street Address  _____

                       County, City  _____

                       State & Zip Code  _____

                       Telephone Number  _____


Defendant  No. 3       Name  _____

                       Street Address  _____

                       County, City  _____

                       State & Zip Code  _____

                       Telephone Number  _____


Defendant  No. 4       Name  _____

                       Street Address  _____

                       County, City  _____

                       State & Zip Code  _____

                       Telephone Number  _____


## II.    Basis for Jurisdiction:

Federal courts are courts of limited jurisdiction.  Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A.      What is the basis for federal court jurisdiction?  *(check all that apply)*

         ☐ Federal Questions              ☐ Diversity of Citizenship

B.      If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? _____

         _____

         _____

C.      If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

         Plaintiff(s) state(s) of citizenship _____

         Defendant(s) state(s) of citizenship _____

         _____

**III.    Statement of Claim:**

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.    Where did the events giving rise to your claim(s) occur? _____

_____

B.    What date and approximate time did the events giving rise to your claim(s) occur? _____

_____

_____

C.    Facts: _____

_____

What
happened
to you?

_____

_____

_____

Who did
what?

_____

_____

_____

Was anyone
else
involved?

_____

_____

Who else
saw what
happened?

_____

_____

_____

**IV.    Injuries:**

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. _____

_____

_____

_____

_____

_____

**V.      Relief:**

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking, and the basis for such compensation. _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____


**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

Signature of Plaintiff          _____

Mailing Address               _____

                                            _____

                                            _____

Telephone Number           _____

Fax Number *(if you have one)*   _____

<u>Note</u>:    All plaintiffs named in the caption of the complaint must date and sign the complaint.  Prisoners must also provide their inmate numbers, present place of confinement, and address.


<u>For Prisoners</u>:

I declare under penalty of perjury that on this _____ day of _____, 20___, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff:        _____

Inmate Number               _____

*Rev. 12/2009*                                        4